# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESLEY CORPORATION., <br> Plaintiff, <br><br> v. <br><br> KISSMYTWINS, <br> Defendants. | Case No. 18-cv-4405 <br> Judge: Hon. Harry D. Leinenweber <br><br> Magistrate Judge: Hon. Maria Valdez |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant KISSMYTWINS ("Doe 45"), through their counsel, answers the Complaint of Wesley Corporation ("Plaintiff") as set forth below. Unless specifically admitted, Doe 45 denies each of the allegations of Plaintiff's Complaint.

## THE PARTIES

1. Doe 45 admit Wesley Corporation is the trade name for a Michigan corporation and that such corporation has a place of business in Rockwood, Michigan. All other allegations of paragraph 1 are denied.

2. Doe 45 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the sentences of Paragraph 2, and therefore denies the allegations in Paragraph 2.

3. Doe 45 admit that Plaintiff asserts causes of action under the cited legal statutes and the common law. Doe 45 denies all other allegations contained in Paragraph 3.

4. Doe 45 specifically denies the allegations made in the first three sentences of Paragraph 4. Doe 45 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4, and therefore denies the same.

**JURISDICTION AND VENUE**

5. Doe 45 admits that in this action Plaintiff attempts to assert claims under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. in Paragraph 5, Doe 45 denies the substance of all alleged claims.

6. Doe 45 denies that the Court has federal jurisdiction over such claims as well as supplemental jurisdiction. Doe 45 denies all of the allegations in Paragraph 6.

7. Doe 45 denies to have any contact with the State of Illinois and the Northern District of Illinois and vehemently denies all of the allegations in Paragraph 7.

8. Doe 45 denies that venue is proper on the grounds that Doe 45 lacks any contact with the State of Illinois and the Northern District of Illinois and further denies all of the allegations in Paragraph 8.

**BACKGROUND FACTS**

9. Doe 45 admits that it is in the business of buying and selling kitchen utensils, but denies each and every remaining allegation contained in Paragraph 9.

10. Doe 45 admits that Wesley Corporation appears in the United States Patent and Trademark Office records as the owner of the U.S. Trademark Registration referenced in Paragraph 10, but denies each and every remaining allegation contained in Paragraph 10.

11. Doe 45 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11, and therefore denies the same.

12. Doe 45 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, and therefore denies the same.

13. Doe 45 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, and therefore denies the same.

14. Doe 45 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14, and therefore denies the same.

15. Doe 45 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, and therefore denies the same.

16. Doe 45 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and therefore denies the same.

17. Doe 45 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and therefore denies the same.

18. Doe 45 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and therefore denies the same.

19. Doe 45 specifically lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the last line of Paragraph 19. All other allegations of Paragraph 19 are denied.

20. All the allegations of Paragraph 20 are denied.

21. Doe 45 admits that Plaintiff purports to state claims related to the use of trademarks on the Internet, that the fundamental purpose of trademark law, is to protect consumers from being confused as to the source or affiliation of the products or services that they seek to buy, and that many companies differentiate their products and services within the marketplace using trademarks.

Doe 45 denies the remaining allegations in Paragraph 21, and denies the implication that it has made any unlawful use of Plaintiff's alleged trademarks and similar marks.

22. Doe 45 denies all of the allegations of Paragraph 26.

23. Doe 45 denies all of the allegations of Paragraph 27.

24. Doe 45 denies all of the allegations of Paragraph 28.

25. Doe 45 denies all of the allegations of Paragraph 29.

26. Doe 45 denies all of the allegations of Paragraph 30.

27. Doe 45 denies all of the allegations of Paragraph 31.

28. Doe 45 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32, and therefore denies the same.

## COUNT ONE
## FEDERAL STUFZ COUNTERFEITING AND INFRINGEMENT (15 U.S.C. §1114)

29. Doe 45 incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein and accordingly deny the same for Paragraph 33.

30. Doe 45 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34, and therefore denies the same.

31. Doe 45 denies all of the allegations in Paragraph 35.

32. Doe 45 denies all of the allegations in Paragraph 36.

33. Doe 45 denies all of the allegations in Paragraph 37.

## COUNT TWO
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a)

34. Doe 45 incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein and accordingly deny the same for Paragraph 38.

35. Doe 45 denies all of the allegations in Paragraph 39.

36. Doe 45 denies all of the allegations in Paragraph 40.

37. Doe 45 denies all of the allegations in Paragraph 41.

38. Doe 45 denies all of the allegations in Paragraph 42.

39. Doe 45 denies all of the allegations in Paragraph 48.

## COUNT THREE
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES (815 ILCS 510)

40. Doe 45 incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein and accordingly deny the same for Paragraph 49.

41. Doe 45 denies all of the allegations in Paragraph 50.

42. Doe 45 denies all of the allegations in Paragraph 51.

43. Doe 45 denies all of the allegations in Paragraph 52.

44. Doe 45 denies all of the allegations in Paragraph 53.

45. Doe 45 denies all of the allegations in Paragraph 54.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Doe 45 denies that it is liable to Plaintiff on any of the claims alleged and denies that Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and states as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

46. The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Fair Use)**

47. The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

### THIRD AFFIRMATIVE DEFENSE

**(First Sale Doctrine)**

48. The claims made in the Complaint are barred, in whole or in part, by the first sale doctrine.

### FOURTH AFFIRMATIVE DEFENSE

**(Functionality)**

49. The claims made in the Complaint are barred, in whole or in part, on the basis that any marks at issue are functional.

## FIFTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

50. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

51. The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

52. Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Doe 45's actions.

## EIGHTH AFFIRMATIVE DEFENSE

### (Generic Terms)

53. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue are generic.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Secondary Meaning)

54. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Estoppel)

55. Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

56. Doe 45 has not infringed any applicable trademarks under federal or state law.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Causation)

57. Plaintiff's claims against Doe 45 are barred because Plaintiff's damages, if any, were not caused by Doe 45.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damage)

58. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

59. Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Irreparable Harm)

60. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Doe 45's actions.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

61. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

62. The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

63. The claims made in the Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

64. Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Fraud)

65. The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Abandonment)

66. The claims made in the Complaint are barred, in whole or in part, by abandonment of any marks at issue.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Third-Party Use)

67. The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Actions of Others)

68. The claims made in the Complaint are barred, in whole or in part, because Doe 45 is not liable for the acts of others over whom it has no control.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

69. Doe 45 alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and Illinois because;

(i) an award of punitive or exemplary damages would be unconstitutional under the United States and Illinois Constitutions; specifically, the First Amendment to the United States Constitution and Article I, Section 4 of the Illinois Constitution;

(ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and

Fourteenth Amendments to the United States Constitution and by Article I, Section 2 of the Illinois Constitution;

(iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 11 of the Illinois Constitution;

(iv) and punitive damages would violate the United States and Illinois Constitutions and common law because such an award is based from procedures that are vague, open-ended unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

## ADDITIONAL DEFENSES

70. Doe 45 reserves the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, Doe 45 prays for judgment as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

3. That Doe 45 be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/
Simon Timothy Barnes
BARNES PARTNERS LAW LLP
Suite SG-2151-1939,
SL3 0ED Colnbrook,
Berkshire, United Kingdom
legal@barnespartnerslaw.com
*Corporate Counsel for Defendant Doe 45.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 31st day of July, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>David Gulbransen (#6296646)
>Law Office of David Gulbransen
>805 Lake Street, Suite 172
>Oak Park, IL 60302
>(312) 361-0825 p.
>(312) 873-4377 f.
>david@gulbransenlaw.com
>*Counsel for Wesley Corporation*

>/s/
>Simon Timothy Barnes
>BARNES PARTNERS LAW LLP
>Suite SG-2151-1939,
>SL3 0ED Colnbrook,
>Berkshire, United Kingdom
>legal@barnespartnerslaw.com
>*Corporate Counsel for Defendant Doe 45*